IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


COLUMBIA INSURANCE GROUP, INC.;
and COLUMBIA MUTUAL INSURANCE
COMPANY, INC.                                                                               PLAINTIFFS


v.                                      Case No. 1:14-cv-1025-SOH


PARK PLUS MANAGEMENT COMPANY;
WESTWOOD VILLAGE COOPERATIVE, INC.;
KATHERINE LETT-MONTGOMERY; MARY
WILLIAMSON; WILLIAM R. HAYES; and
MARIAN D. HAYES                                                                             DEFENDANTS


### MEMORANDUM OPINION

Before the Court is Plaintiffs' Motion for Summary Judgment. (ECF No. 13). Separate Defendants Katherine Lett Montgomery, Park Plus Management Company, Westwood Village Cooperative, Inc., and Mary Williamson have responded. (ECF No. 16). Separate Defendants Marian D. Hayes and William R. Hayes have also responded. (ECF No. 18). Plaintiffs have replied. (ECF Nos. 20 & 21). This matter is ripe for the Court's consideration.

### BACKGROUND

On July 28, 2010, Separate Defendants William R. Hayes and Marian D. Hayes filed a complaint against Separate Defendants Katherine Lett-Montgomery and Mary Williamson in Columbia County Circuit Court alleging that a rise in crime at Westwood Village, a residential housing complex owned by Lett-Montgomery and Williamson, had unreasonably interfered with the Hayeses' use and enjoyment of their land adjacent to the complex. The Hayeses claimed damages of $1.2 million. Lett-Montgomery and Williamson are the partners or members of Park

1

Plus Management Company ("Park Plus"), which had purchased a commercial general liability insurance policy ("CGL Policy") for Westwood Village from Columbia Mutual Insurance Company ("Columbia"). When the lawsuit was filed, Lett-Montgomery and Williamson thought that the CGL policy had lapsed.[1] Therefore, they did not advise Columbia of the lawsuit.

In September 2013, Lett-Montgomery and Williamson discovered that Park Plus did, in fact, have coverage from Columbia and immediately informed Columbia of the lawsuit filed by the Hayeses. The CGL Policy provides that if a claim or suit is brought against the insured, the insured must notify Columbia "as soon as practicable." Columbia sent a reservation of rights letter to Lett-Montgomery and Williamson and emailed it to their attorney before entering the case and defending Lett-Montgomery and Williamson from November 14, 2013 until April 11, 2014.

On May 6, 2014, Columbia filed this declaratory judgment action against Lett-Montgomery, Williamson, Park Plus, Westwood Village, and the Hayeses (collectively "Defendants"), asking the Court to declare that the CGL Policy issued to Park Plus provided no liability protection for any claims made in or related to the lawsuit filed by the Hayeses against Lett-Montgomery and Williamson. Columbia now moves for summary judgment on the basis that the insured, Park Plus, failed to provide timely notice of the Hayeses' claim, which was a condition precedent of coverage under the terms of the CGL Policy. Therefore, Columbia asserts that Park Plus cannot recover against Columbia for any claims made in or related to the Hayeses' lawsuit.

---

[1] In their briefs, Defendants allude to an attorney, whom Lett-Montgomery and Williams had previously engaged, who may have advised them that their coverage had lapsed. However, neither Lett-Montgomery's nor Williamson's affidavits state this specifically. (ECF No. 17, Ex. Nos. 1 & 2). Whether Lett-Montgomery and Williams erroneously concluded that the CGL Policy had lapsed because of advice they received from counsel or from their personal review of the policy is inconsequential to the Court's Order.

**LEGAL STANDARD**

The standard of review for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of…whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

**DISCUSSION**

Columbia contends that Park Plus is barred from recovery because Lett-Montgomery and Williamson did not notify Columbia of the claim against them until three years after the claim was filed, and that compliance with the timely notice requirement is a condition precedent to recovery under the CGL Policy. Defendants argue that Lett-Montgomery and Williamson advised Columbia of the claims filed against them "as soon as practicable" because they notified Columbia as soon as they realized they had coverage. Furthermore, they maintain that Columbia should be estopped from denying coverage as Columbia waived the condition precedent under the CGL policy by defending Lett-Montgomery and Williamson in the case in Columbia County Circuit Court for five months.

### A. Timely Notice as a Condition Precedent

Under Arkansas law, "an insured must strictly comply with an insurance-policy provision requiring timely notice where that provision is a condition precedent to recovery." *Fireman's Fund Ins. Co. v. Care Mgmt., Inc.*, 2010 Ark. 110, 10, 361 S.W.3d 800, 805 (2010) *opinion after certified question answered*, No. 1:08-CV-00056, 2010 WL 1417932 (E.D. Ark. Apr. 6, 2010). Failure to provide timely notice where it is a condition precedent to recovery results in a forfeiture of the right to recover from the insurance company, regardless of whether the insurance company was prejudiced by the failure. *Id.* "[O]ne party's failure to fulfill a condition precedent entirely excuses any remaining obligations of the other party." *AIG Centennial Ins. Co. v. Fraley–Landers*, 450 F.3d 761, 763 (8th Cir. 2006). However, "if notice is not a condition precedent, the insurance company must show it was prejudiced by any delay in notice in order to be relieved of liability." *Fireman's Fund Ins. Co.*, 2010 Ark. at 10, 361 S.W.3d at 805. Immediate notice does not necessarily mean instantaneous notice, but notice "within a reasonable time under all the facts, circumstances, and conditions." *Kimbrell v. Union Standard Ins. Co.*, 207 F.3d 535, 537 (8th Cir. 2000) (quoting *Maryland Casualty Co. v. Waggoner*, 193 Ark. 550, 101 S.W.2d 451, 454 (1937)).

Here, the CGL Policy provides that if a claim or "suit" is brought against the insured, the insured must send Columbia "written notice of the claim or 'suit' as soon as practicable," and the insured and any others involved must immediately forward Columbia "copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'" (ECF No. 14, Ex. A). The CGL Policy further provides that no person or organization has a right to coverage unless "all of the [CGL Policy's] terms have been fully complied with." (ECF No. 14, Ex. A). Therefore, compliance with the notice provision is a condition precedent to coverage

under the CGL Policy. It is undisputed that Lett-Montgomery and Williamson did not notify Columbia of the Hayeses' claim until more three years after it was filed. However, the Defendants claim that this satisfies the "as soon as practicable" requirement because Lett-Montgomery and Williamson thought that Park Place's coverage under the CGL had expired.

Considering Columbia's uncontroverted evidence that Lett-Montgomery and Williamson failed to provide notice of the existence of the Hayeses' lawsuit until three years after the lawsuit was filed, the Court finds that Lett-Montgomery and Williamson failed to satisfy a condition precedent under the CGL Policy. No reasonable jury could find that notifying Columbia three years after the lawsuit was filed was "as soon as practicable" when there were no extenuating circumstances in this case that would justify a three-year delay. Lett-Montgomery and Williamson simply believed that the CGL Policy had expired when it had not. Their own error and lack of diligence caused the three-year delay, and under these circumstances, that delay was not justified. Therefore, Lett-Montgomery and Williamson failed to satisfy the timely notice provision of the CGL policy, which is a condition precedent to coverage.

### B. Waiver and Estoppel

Defendants contend that by entering the lawsuit Columbia waived its rights under the CGL Policy and it is estopped from denying coverage under the CGL Policy. In order to establish waiver, Defendants have to show that Columbia intentionally relinquished a known right. *Kimbrell*, 207 F.3d at 538. Courts apply the doctrine of estoppel in insurance cases where the insurer induces the insured to believe that coverage exists and the insured changes his position "in such a manner that it would operate as a virtual fraud ... to allow [the insurer] by whom [the insured] has been misled to assert the right in controversy." *Robertson v. Farm Bureau Mut. Ins. Co. of Arkansas*, 668 F. Supp. 1259, 1261 (W.D. Ark. 1987).

Columbia did not waive its rights nor is it estopped from denying coverage under the CGL Policy. In spite of the insurer's participation in the defense of an action against the insured, the insurer has not waived nor is it estopped from raising its defense that the loss was not covered by the insurance policy if the insurer gives timely notice that it has not waived the benefit of its defense under the policy. *See Providence Washington Ins. Co. v. Yellow Cab Co. of Fayetteville*, 331 F. Supp. 286, 293 (W.D. Ark. 1971). Prior to entering the lawsuit, Columbia sent a reservation of rights letter to Lett-Montgomery and Williamson and the attorney who had represented them in the litigation. The letter indicates that Columbia's agreement to defend Lett-Montgomery and Williamson should not be considered a waiver of any of the CGL Policy provisions. Furthermore, in an email from Columbia to Lett-Montgomery and Williamson's attorney, Columbia made it clear that it agreed to "pick up the defense of the lawsuit subject to the reservation of rights letter." (ECF No. 21, Ex. No. 1). Thus, by participating in the lawsuit, Columbia did not intentionally relinquish its rights, but instead provided notice of its reservation of rights. Likewise, Columbia is not estopped from denying coverage. Because of Columbia's letter, Lett-Montgomery and Williamson cannot claim that Columbia induced them to believe that their loss was covered by the CGL Policy by defending them in the lawsuit. Lett-Montgomery and Williamson have not changed their position in such a manner that it would operate as a virtual fraud if Columbia asserts its rights in this controversy. Accordingly, Columbia is not estopped from asserting its rights under the CGL Policy.

## CONCLUSION

Because Lett-Montgomery and Williamson failed to provide timely notice of a lawsuit filed against them, which is a condition precedent to coverage under the CGL Policy, Columbia is relieved of its obligations under the CGL Policy. Columbia did not waive its rights under the

CGL Policy nor is it estopped from asserting its rights as a result of defending Lett-Montgomery and Williamson in the lawsuit. Accordingly, Columbia's Motion for Summary Judgment (ECF No. 13) should be and hereby is **GRANTED** and the Clerk is directed to close the case.

　　**IT IS SO ORDERED**, this 14th day of May, 2015.

　　　　　　　　　　　　　　　　　　　　/s/ Susan O. Hickey
　　　　　　　　　　　　　　　　　　　　Susan O. Hickey
　　　　　　　　　　　　　　　　　　　　United States District Judge